UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ERWIN JONATAN GOMEZ SALES,
Petitioner,
v.

JEREMY CASEY, Warden at Imperial Regional Detention Facility; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, Acting Attorney General of the United States, U.S. Department of Justice,
Respondents.

Case No.: 3:26-cv-5024-JES-SBC

**ORDER GRANTING WRIT FOR PETITION OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Erwin Jonatan Gomez Sales' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's OSC order (ECF No. 2), Respondents filed a Return and Petitioner filed a Traverse. ECF Nos. 4, 5. After due consideration and for the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner is a native of Guatemala who came to the United States in October 2016 when he was still a minor. ECF No. 1 ¶ 28. He was classified as an "arriving alien" and issued a Notice to Appear ("NTA"), which required him to attend a hearing at a place "TO BE DETERMINED" at a date and time "to be set." *Id.* ¶ 29. Petitioner was then placed into custody of the Office of Refugee Resettlement ("ORR") as an unaccompanied minor. *Id.* ¶ 30. On November 10, 2016, Petitioner was released by ORR to his brother's custody in Maryland. *Id.* ¶ 30, Ex. 2. Following his release from federal custody, Petitioner lived openly in the United States for nearly 10 years, establishing substantial ties to his community. *Id.* ¶¶ 31, 32.

Petitioner was taken into immigration custody on August 26, 2026, following a traffic stop in Virginia for allegedly having tinted vehicle windows. *Id.* ¶ 33. He has since been transferred to Imperial Regional Detention Facility, where he is currently being held. *Id.* ¶ 35. Petitioner sought a custody re-determination, which the Immigration Judge denied on September 2, 2026, due to Petitioner's initial classification as an "arriving alien." *Id.* ¶ 36, Ex. 3.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas

jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In their Return, Respondents provide an abbreviated response to the Petition. ECF No. 4. Respondents concede that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and not mandatory detention under 8 U.S.C. § 1225 for reasons set forth in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). *Id.* at 1–2. Respondents thus "do not oppose" the Court awarding a bond hearing. *Id.* at 2. In her Traverse, Petitioner alleges that Respondents' concession "does not resolve the independent constitutional claim" in her Petition. ECF No. 5 at 3. The Court addresses the merits of Petitioner's due process claim below.

This Court has already held that non-citizens that entered the United States as UACs and were subsequently released to a sponsor by ORR have a protected liberty interest in remaining free from detention, explaining as follows:

> The [Trafficking Victims Protection Reauthorization Act ("TVPRA")] governs the detention of unaccompanied minors who are apprehended at or near the U.S. border, and requires them to be "promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(1). The TVPRA allows minors to be released to the custody of guardians upon determination the child is not a danger to themselves or community and does not present a flight risk. *See id.* at 1232(c)(2)(a). Aliens afforded release under the TVPRA have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case. As this Court has previously explained, notice and opportunity to be heard regarding the revocation of a liberty interest like parole or supervised release must be meaningful to be constitutionally sufficient, which requires that the government comport with the requirements of the statutes governing that individual's status.

*Perez v. Casey*, No. 26-CV-0655-JES-BLM, 2026 WL 370397, at *1-2 (S.D. Cal. Feb. 10, 2026) (citations omitted). The Court concluded that "Petitioner was granted release under the TVPRA, creating a liberty interest protected by the Due Process clause" that could not

be taken away without notice and opportunity to be heard. *Id.* Other courts have similarly held the same. *See, e.g.*, *Orellana-Batres v. Casey*, No. 3:26-CV-00801-RBM-MSB, 2026 WL 1075655, at *3–4 (S.D. Cal. Apr. 20, 2026); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025) (finding a due process violation with similar circumstances under the *Mathews v. Eldridge* framework); *S.K.*, 2026 WL 936458, at *3–4 (same); *Aguilar v. Hermosillo*, No. 2:26-CV-00537-BAT, 2026 WL 706658, at *3 (W.D. Wash. Mar. 13, 2026).

The Court adopts the reasoning of these prior courts and finds that Petitioner has a protected liberty interest subject to due process rights given his prior release by the ORR, notwithstanding his initial classification as an "arriving alien." It is Petitioner's prior release under the TPVRA, not his initial classification, that creates the relevant liberty interest. *Perez*, 2026 WL 370397, at *2. Further, there is no indication that Petitioner was granted any due process when he was re-detained in August, and his efforts to seek it since then have been unsuccessful. *See* ECF No. 5 at 4 ("The Response does not identify any prior notice, opportunity to be heard, or neutral decisionmaker who authorized the revocation of Petitioner's previously granted liberty. The Immigration Judge's September 2, 2026, order did not make any determination concerning danger, flight risk, or whether continued detention was necessary."). The Court further finds, as many other courts have, that release is the appropriate relief for this violation. *See Perez*, 2026 WL 370397, at 2; *R.D.T.M.*, 2025 WL 2617255, at *6; *Orellana-Batres*, 2026 WL 1075655, at *4; *Singh v. Noem*, No. 26-CV-1081-BJC-DDL, 2026 WL 686313, at *2 (S.D. Cal. Mar. 11, 2026); *Aguilar*, 2026 WL 706658, at *3.

//

//

//

//

//

//

## IV. CONCLUSION

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **<u>immediately</u>** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **<u>October 9, 2026</u>**, confirming that Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Honorable James E. Simmons Jr.
United States District Judge